UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAM'BRI SEAN JOHNSON, SR., | No. 2:14-cv-02589 AC P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLDS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

<u>Summary of the Petition</u>

Petitioner alleges that he is being wrongfully denied contact visits with his five sons while incarcerated at California State Prison-Sacramento. ECF No. 1 at 9, 12. Under Title 15, section 3173.1 of the California Code of Regulations, visiting restrictions may be imposed on prisoners who have been convicted of certain sex offenses against minors. Petitioner was convicted of multiple sex offenses, including rape with use of force or violence, sodomy with force or violence, and penetration with a foreign object. The minor victim was female. Petitioner alleges that after prison officials learned of the nature of his conviction, they invoked 15 C.C.R. § 3173.1 to punish him by limiting his visits with minors to non-contact visits only. ECF No. 1 at 10. Petitioner argues that § 3173.1 is unconstitutionally overbroad and that application of § 3173.1 to

1

deny him contact visits with his sons violates his constitutional due process rights because there is no indication that he is a threat to his children, who are all male. Id. at 12. He further argues that his equal protection rights have been violated because he is a member of a specific group (prisoners who are guilty of certain crimes) that has been arbitrarily denied the privilege of contact visits. Id. at 15. Finally, petitioner alleges that in light of the length of his sentence,[1] denial of contact visits with his sons amounts to cruel and unusual punishment in violation of the Eighth Amendment. Petitioner "requests an injunction to have contact visits with his biological children." Id. at 9.

Petitioner's request for injunctive relief regarding contact visits with his children essentially presents a challenge to the conditions of petitioner's confinement, which may not be addressed in this habeas action. Habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Petitioner is advised that the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, the petition is dismissed without prejudice to petitioner's right to file a § 1983 civil rights complaint.

WARNING: Petitioner is informed that upon filing a § 1983 civil rights complaint, he will be charged a $350 filing fee. Petitioner is cautioned that this court has made no determination as to the merits of his potential § 1983 claims and has made no findings as to whether his claims would survive past the screening stage, should he elect to pursue a civil rights action.

Petitioner is further advised that prior to filing a § 1983 civil rights action, he must first file an administrative grievance with the prison and complete the prison grievance process in order to exhaust his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997(e)(a); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (the PLRA requires that administrative remedies be exhausted prior to filing suit). See also Woodford v. Ngo, 548 U.S. 81 (2006) (exhaustion requires that the prisoner complete the administrative review process in

---

[1] Petitioner indicates that he was sentenced to a term of 107 years to life. ECF No. 1 at 9.

accordance with all applicable procedural rules). Petitioner may then seek relief in federal court by filing a § 1983 civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for in forma pauperis status (ECF No. 2, 4) are denied as moot;
2. Petitioner's application for writ of habeas corpus (ECF No. 1) is dismissed without prejudice to refiling it as a § 1983 civil rights action; and
3. The clerk of the court is directed to send petitioner a § 1983 civil rights complaint form and the accompanying directions.

DATED: April 29, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE