UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAM'BRI SEAN JOHNSON, SR., | No.  2:14-cv-02589 AC P |
| Plaintiff, | |
| v. | ORDER |
| ERIC ARNOLDS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 9.

I.      Request to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 14.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4  1915(b)(2).

5      II.      Statutory Screening of Prisoner Complaints

6          The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

14  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

15  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

16  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

17  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

18  has an arguable legal and factual basis.  Id.

19          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

22  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

24  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

26  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

27  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

28  ////

2

1 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

2 ed. 2004)).

3 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

5 Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6 content that allows the court to draw the reasonable inference that the defendant is liable for the

7 misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint

8 under this standard, the court must accept as true the allegations of the complaint in question,

9 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

11 McKeithen, 395 U.S. 411, 421 (1969).

12 III.    Allegations of the Complaint[1]

13 Plaintiff is currently incarcerated at California State Prison-Solano ("CSP-SOL"), where

14 defendant Eric Arnold is the warden. See ECF No. 16 at 1. Plaintiff seeks an injunction

15 compelling defendant and/or CSP-SOL to allow plaintiff to have contact visits with his five

16 biological sons, who are minors.[2] See id.

17 Plaintiff alleges that he is currently serving a sentence of 72 years to life, plus 35 years,

18 for the sexual assault of a minor girl in 2004. Based on the minor status of the victim, prison

19 officials invoked Title 15, § 3173.1(b), of the California Code of Regulations to restrict plaintiff's

20 visits with minors. § 3173.1(b) restricts inmates who have been incarcerated for committing

21 certain sexual offenses from participating in visits with minor children. Specifically, "when the

22 victim is a minor, visitation with any minor who is not the victim of the crime shall be limited to

23 ////

24

25 [1] Plaintiff initiated this action by filing a petition for writ of habeas corpus, ECF No. 1, which was dismissed without prejudice to the filing of a civil rights action, see ECF No. 10. Plaintiff
26 thereafter filed a civil rights complaint, ECF No. 11, followed by an amended complaint, ECF No. 16. Because the amended complaint supersedes the previous complaint, see Loux v. Rhay,
27 375 F.2d 55, 57 (9th Cir. 1967), the court proceeds to screen the amended complaint, ECF No. 16.
28 [2] Plaintiff does not seek damages.

3

1  non-contact status except as authorized by the Institution Classification Committee."  CCR tit. 15

2  § 3173.1(b).

3      Plaintiff alleges that the Institutional Classification Committee ("ICC") arbitrarily and

4  unreasonably denied plaintiff contact visitation with his own sons.  See id. at 4.  Specifically,

5  plaintiff alleges that in evaluating whether plaintiff should be permitted contact visits with

6  minors, the ICC should have focused on the security of the institution and whether plaintiff would

7  be a threat to his specific minor visitors, i.e. his five male sons.  Plaintiff alleges that the ICC

8  committee members were repulsed by his commitment offenses, and denied him contact visits

9  with his sons as a form of additional punishment.  Id. at 4-6, 14.  According to plaintiff, the ICC

10  did not actually consider whether he posed a threat to his own children, and instead claimed that

11  plaintiff was "a liability" because he "[had not] been incarcerated long enough."  Id. at 4.

12  Plaintiff contends that because there is no evidence plaintiff is a pedophile, attracted to males, or

13  accused or guilty of incest, there was no basis for the ICC to conclude that plaintiff posed a

14  danger to his male children.  See id. at 4.  According to plaintiff, he has never displayed

15  inappropriate behavior towards his sons, and there is no reason to believe that any form of sexual

16  misconduct would occur during contact visits with his children.  Id. at 5.  Plaintiff alleges that the

17  ICC's decision to deny plaintiff contact visits with minors did not further the policy of preventing

18  sexual predators from gaining access to minor victims, and is instead contributing to the

19  dysfunction of plaintiff's family and preventing plaintiff's efforts at rehabilitation.  See id. at 4-5.

20  Plaintiff contends that the ICC is acting in an unreasonable and arbitrary manner, "restricting

21  visits with minor[s] over broadly," and is "not adequately critiquing the conduct involved in the

22  conviction."  Id. at 4-5.

23      Plaintiff alleges that the visiting restrictions set forth in § 3173.1(b), the resulting denial of

24  contact visits with his sons, violates plaintiff's right to be free from cruel and unusual punishment

25  under the Eighth Amendment, as well as plaintiff's Due Process and Equal Protection rights

26  under the Fourteenth Amendment.  Id. at 1.

27  ////

28  ////

4

1    IV.    Failure to State a Claim

2           A. ICC Committee Members

3        Plaintiff's complaint includes numerous references to alleged wrongdoing by members of

4    the ICC committee that elected to deny plaintiff contact visits with minors, yet plaintiff does not

5    name any ICC committee members as defendants.  Plaintiff is advised that the Civil Rights Act

6    under which this action was filed provides as follows:

7                    Every person who, under color of [state law] . . . subjects, or causes
                    to be subjected, any citizen of the United States . . . to the
8                    deprivation of any rights, privileges, or immunities secured by the
                    Constitution . . . shall be liable to the party injured in an action at
9                    law, suit in equity, or other proper proceedings for redress.

10   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15   omits to perform an act which he is legally required to do that causes the deprivation of which

16   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18   their employees under a theory of *respondeat superior* and, therefore, when a named defendant

19   holds a supervisorial position, the causal link between him and the claimed constitutional

20   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

21   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

22   and conclusory allegations concerning the involvement of official personnel in civil rights

23   violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24       It is not clear whether plaintiff intends to bring claims against any specific ICC committee

25   members, or if plaintiff's allegations regarding the actions of the ICC committee were included to

26   provide context for plaintiff's other claims.  If plaintiff chooses to file an amended complaint, he

27   should clarify whether he is attempting to state claims against any members of the ICC.  If he is

28   attempting to state claims against any ICC committee members, he should clearly explain what

1 | each committee member did that violated plaintiff's constitutional rights.

2 |              B.  <u>Eighth Amendment</u>

3 |      "The Eighth Amendment proscribes the infliction of cruel and unusual punishment on

4 | prisoners.  Whether a particular event or condition in fact constitutes 'cruel and unusual

5 | punishment' is gauged against 'the evolving standards of decency that mark the progress of a

6 | maturing society.'"  <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting <u>Hudson</u>

7 | <u>v. McMillian</u>, 503 U.S. 1, 8 (1992)).  "After incarceration, only the unnecessary and wanton

8 | infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth

9 | Amendment."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (alteration in original) (internal

10 | quotation marks omitted) (quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977)).

11 |      The Ninth Circuit has held that for purposes of the Eighth Amendment, "[d]enial of

12 | contact visitation simply does not amount to the infliction of pain."  <u>Toussaint v. McCarthy</u>, 801

13 | F.2d 1080, 1113 (9th Cir. 1986) (citing <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1254–55 (9th Cir.

14 | 1982).  Moreover, "[e]ven if denial of contact visitation amounted to an infliction of pain, the

15 | Eighth Amendment would not prohibit the denial unless the pain were inflicted wantonly and

16 | without penological justification."  <u>Id.</u> at 1114 (citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346

17 | (1981)).  "To the extent that denial of contact visitation is restrictive and even harsh, it is part of

18 | the penalty that criminals pay for their offenses against society."  <u>Id.</u>

19 |      Here, plaintiff asserts that the denial of contact visits with his sons constitutes cruel and

20 | unusual punishment, deprives plaintiff of needed human contact, and deprives plaintiff of the

21 | rehabilitative benefits of contact visitation.  However, this same argument was considered and

22 | rejected by the Ninth Circuit in <u>Toussaint</u>.  <u>See Toussaint</u>, 801 F.2d at 113 (concluding, despite

23 | plaintiffs' contentions that contact visitation has beneficial rehabilitative effects, is vital to inmate

24 | health, and affects both physical and mental health, that denial of contact visitation does not

25 | amount to the infliction of pain for purposes of the Eighth Amendment).  As plaintiff cites no

26 | authority for the proposition that denial of contact visits constitutes cruel and unusual

27 | punishment, and binding precedent in this circuit holds to the contrary, plaintiff's Eighth

28 | Amendment claim must be dismissed.

1          C.  Due Process

2          The Due Process Clause protects against the deprivation of liberty without due process of

3    law.  Wilkinson v. Austin, 545 U.S. 209, 221(2005).  In order to invoke the protection of the Due

4    Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

5    protection is sought.  See id.  Liberty interests may arise from the Due Process Clause itself or

6    from state law.  Id.

7          With respect to visitation, the Ninth Circuit has held that prisoners have no constitutional

8    right of access to a particular visitor.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

9    Moreover, "it is well-settled that prisoners have no constitutional right while incarcerated to

10   contact visits."  Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (citing Kentucky Dep't of

11   Corrs. v. Thompson, 490 U.S. 454, 460 (1989)); see Barnett v. Centoni, 31 F.3d 813, 817 (9th

12   Cir. 1994) (holding that prisoners have no constitutional right to contact visitation); Shallowhorn

13   v. Molina, Case No. 1:07-CV-01667-AWI, 2011 WL 846094, at *4–5 (E.D. Cal. Mar. 8, 2011),

14   subsequently aff'd, 572 F. App'x 545 (9th Cir. 2014) (plaintiff's allegations that he was allowed

15   only non-contact visitation with his children failed to state a due process claim for loss of

16   visitation ).  Accordingly, to the extent plaintiff alleges that the denial of contact visits with his

17   sons constitutes a violation of his due process rights, plaintiff's allegations fail to state a claim for

18   relief and will be dismissed.  See Valdez v. Woodford, 308 F. App'x 181, 182–83 (9th Cir. 2009)

19   ("The district court properly dismissed Valdez's due process claim pursuant to 28 U.S.C. §

20   1915A because neither federal nor state law has created a protected interest in visitation.").[3]

21          D.  Equal Protection

22          The Equal Protection Clause requires the State to treat all similarly situated people

23   equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim

24   for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with

25   an intent or purpose to discriminate against him based upon his membership in a protected class."

26   Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d

27

28   [3]  See Ninth Circuit Rule 36-3 (unpublished Ninth Circuit decisions may be cited not for
     precedent but to indicate how the Court of Appeals may apply existing precedent).

1   1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state an Equal Protection claim by

2   showing that similarly situated individuals were intentionally treated differently without a rational

3   relationship to a legitimate state purpose.  Engquist v. Oregon Department of Agriculture, 553

4   U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y

5   Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica,

6   526 F.3d 478, 486 (9th Cir. 2008).  If a cognizable class is treated differently, the court must

7   determine under the appropriate level of scrutiny whether the distinction made between the

8   groups is justified.  See United States v. Lopez–Flores, 63 F.3d 1468, 1472 (9th Cir. 1995).

9        Here, sex offenders are not a suspect class, United States v. LeMay, 260 F.3d 1018, 1030

10  (9th Cir. 2001), and prisoners do not have a fundamental right to contact visits, see Barnett, 31

11  F.3d at 817.  Accordingly, the restrictions on contact visitation with minors for prisoners

12  convicted of committing certain sex offenses set forth in § 3173.1(b) are valid as long as they are

13  reasonably related to a legitimate state purpose.

14       Plaintiff initially appears to allege that the stated purpose behind the restrictions set forth

15  in § 3173.1(b) is to protect minor visitors from sex offenders.  See ECF No. 16 at 10.  The

16  provision in § 3173.1(b) that inmates convicted of sexual offenses against minors may not have

17  contact visits with minors without permission from the ICC clearly bears a rational relationship to

18  this purpose.  To the extent plaintiff goes on to assert that "sex offender" is an arbitrary category

19  and does not provide a legitimate basis for differential treatment, see ECF No. 16 at 9-14, the

20  court disagrees.  With respect to contact visitation with minors, the rationale behind treating sex

21  offenders convicted of assaulting minors differently from the rest of the inmate population is

22  obvious and warrants no further discussion here.  The fact that plaintiff is a sex offender who

23  believes he is not a threat to his own minor children does not change this result.

24       Because plaintiff has failed to sufficiently allege that the differential treatment of sex

25  offenders who committed offenses against minors bears no rational relationship to a legitimate

26  state purpose, the undersigned finds that plaintiff has failed to state an Equal Protection claim.

27  Plaintiff's claim will be dismissed, but, in an abundance of caution, plaintiff will be granted leave

28  to amend.

1    V.    Leave to Amend

2        If plaintiff chooses to file a second amended complaint, he must demonstrate how the

3    conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

4    v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

5    each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

6    Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

7    or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

8    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

9    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

10   268 (9th Cir. 1982) (citations omitted).

11       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

12   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

13   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

14   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15   1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

16   dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

17   amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, the

18   original complaint no longer serves any function in the case.  Therefore, in an amended

19   complaint, as in an original complaint, each claim and the involvement of each defendant must be

20   sufficiently alleged.

21   VI.   Conclusion

22       In accordance with the above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 14) is granted.

24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

26   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27   Director of the California Department of Corrections and Rehabilitation filed concurrently

28   herewith.

1        3.  Plaintiff's complaint is dismissed with leave to amend.

2        4.  Within thirty days from the date of service of this order, plaintiff may file an amended

3   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

4   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

5   number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file

6   an original and two copies of the amended complaint.  Failure to file an amended complaint in

7   accordance with this order will result in dismissal of this action.

8        5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

9   form used in this district.

10  DATED: September 30, 2016

11  _____
    ALLISON CLAIRE

12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28